JAMES E. JOHNSON
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW**
**DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARTHA NIMMER
*Special Assistant Corporation Counsel*
Cell: (917) 499-8632

May 19, 2021

**VIA ECF**
Hon. John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *P.F. o.b.o. J.F. v. N.Y.C. Dep't of Educ.,* 20-cv-10513 (JPC)(BCM)

Dear Judge Cronan:

      I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, James E. Johnson, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorney's fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), as well as for this action.

      I write to respectfully request a 90-day stay of this action (including defendant's June 7, 2021 deadline to respond to the complaint) pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide those records no later than May 25, 2021. Despite requests from my office on March 26, April 5, April 7, April 19 and April 26, 2021, Counsel has failed to provide the records more than five months after bringing this action. In just the past few weeks, several judges on the Southern District bench have ordered the Roller firm to provide billing records to this office—just as Your Honor ordered in *J.K. et al v. NYC Dep't of Educ.,* 20-cv-10514 (JPC)(SN) (ECF No. 8)—and have also imposed 90-day stays so that Defendant can prepare the cases for settlement negotiations. *See J.W. obo M.W. v. NYC Dep't of Educ.,* 21-cv-2300 (GHW)(KNF) (ECF No.

12); *G.S. obo D.S. v. NYC Dep't of Educ.,* 20-cv-10729 (GHW)(DCF) (ECF No. 15); and *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN) (ECF No. 8). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and compelling the Roller firm to produce "contemporaneous" billing records to the Defendant so that the matters can be settled.[1]

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between a plaintiff's counsel and the DOE, without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed, they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice.

This case, as well as many others filed by the Roller firm, is an outlier in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit. Indeed, since the onset of the COVID-19 pandemic, Ms. Roller has filed dozens of new actions seeking solely IDEA fees and costs, and has provided billing records in only a few of those cases to date without being ordered to do so by the Court.

The complaint was originally filed on December 11 2020 and then refiled on March 8, 2021, with the answer originally due on March 29, 2021. On March 24, 2021, Defendant filed a request for an extension of time to answer (ECF No. 12), with the Plaintiff's consent, so that the parties could engage in settlement negotiations. The Court granted that request on March 26, 2021 (ECF No. 13). Unfortunately, settlement negotiations have not begun because Plaintiff has not provided relevant billing records, despite Defendant's repeated requests for them on March 26, April 5, April 7, April 19 and April 26, 2021.

---

[1] As Judge Failla noted, Ms. Roller's *modus operandi* of unresponsiveness and issued an order to compel production of billing records in another IDEA fees-only case brought by the Roller firm:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See* Order in *F.S. obo D.M. v. NYC DOE*, 20-cv-4538 (KPF)(OTW) (ECF 9).

Indeed, in October of 2020, due to long delays by Plaintiff's counsel across many cases, six other judges of the Southern District imposed 90-day stays, and ordered the Roller Firm to provide relevant attorney billing records within a week's time. *See* Order dated September 28, 2020 from Judge Engelmayer in *J.S. obo M.S. v. NYC DOC,* 20-cv-2105 (PAE)(JLC) (ECF No. 10); Order dated September 25, 2020, from Judge Failla in *F.S.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9); Order dated September 24, 2020, from Judge Koeltl in *J.J. obo J.J. v. N.Y.C. Dept. of Educ.,* 20-cv-05214 (JGK)(SDA)(ECF No. 7); Order dated September 24, 2020, from Judge McMahon in *D. v. DOE*, 20-cv-00694 (CM) (ECF No. 14); Order dated September 11, 2020, from Judge Failla in *D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14); and Order dated September 11, 2020, from Judge Woods in *T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (granting request in part).

We do not understand Plaintiff's delay. The records at issue should be easy to produce as they are required to be prepared *contemporaneously* with the work that Plaintiff's counsel purports to have performed in the underlying proceeding. Indeed, on September 11, 2020, Judge Woods granted, in part, the City's motion for a stay after a conference during which Ms. Roller agreed to produce billing records by a date certain, but did not. As Judge Woods recognized, it is unclear why counsel is delaying in providing the attorney billing records:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*See* 20-cv-3816 (GHW)(RWL) Transcript 9/11/20 (emphasis added) excerpt annexed hereto.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days. Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than May 25, 2021.

Thank you for considering these requests.

Respectfully submitted,

Martha Nimmer
Special Assistant Corporation Counsel

cc: Irina Roller, Esq. (via ECF)

Defendant's application for a 90-day stay is granted, except that Plaintiff must provide attorney billing records by May 25, 2021. The parties shall submit a joint letter by August 25, 2021 updating the Court on the status of this case.

SO ORDERED.

Date: May 19, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

3